(No. 6841—

PEKIN INSURANCE COMPANY, BEARDSTOWN TRANSFER, INC., ILLINOIS VALLEY ASPHALT COMPANY AND AETNA LIFE AND CASUALTY INSURANCE COMPANY, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 14, 1978.*

DRACH, TERRELL & DEFENBAUGH, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

POCH, J.

Claimants seek an award of damages against the State of Illinois in the original sum of $3,821.29, arising out of damage to Claimants' truck-trailer, in an accident allegedly caused by the negligence of the State in maintaining a certain "bridge gate" on the Florence Street Bridge over the Illinois River in Florence, Illinois.

It was stipulated at the hearing of this cause that Claimant, Pekin Insurance Company, had sustained losses as a result of the accident in the sum of $3,621.29; and that Claimant, Beardstown Transfer, Inc., had sustained losses in the sum of $200.00.

The evidence adduced at the hearing before a Commissioner of this Court that on November 9, 1970, Robert Coats was operating a semi-trailer truck west on a two-lane bridge with a lift span in Florence, Illinois. The bridge must be raised to allow river traffic to pass under the bridge, and at the time the bridge is raised, gates 24 feet in length descend on a system of chains and pulleys across the traffic lanes to block traffic from entering upon the bridge while it is raised. At the same time, Spencer Evans was driving a truck for Illinois Valley Asphalt Company eastbound on the same road at the same bridge. As the trucks were approaching each other on the bridge, the large metal gate, hereinabove referred to, fell in front of the Illinois Valley Asphalt truck operated by Evans. The Illinois

Valley Asphalt truck struck the gate, and caused the gate to spin around and allegedly strike the rear wheel and tire of the Beardstown, Inc. truck, causing it to go out of control. The Beardstown Transfer vehicle struck the bridge and the tractor of that truck was a total loss.

An investigation conducted by the Department of Public Works and Buildings revealed that the gate had fallen through a malfunction in the bridge operation equipment.

Respondent's employee, Wendell Baird, stated that he worked as a bridge mechanic for the State of Illinois, and was present at the bridge on the day of the accident, engaged in the preventative maintenance program, which called for bi-monthly inspections of the bridge equipment. Baird conducted an investigation after the accident and determined that a pin broke in a chain, allowing the gate to fall. The pin that broke attached the chain to the barricade gate. Baird testified that truck traffic on bridges of this kind tended to "bevel" pins in locations similar to that of the pin that broke in the present case, causing the pin to bend and snap. Baird testified that the only way to check pins of this type would be to take the chain off and that that was not part of the periodic maintenance.

The record clearly shows that wear to the pin that broke in the present case could cause the gate to fall in front of traffic, and that this was known to the employees of the State prior to the accident. Baird testified that with respect to inspection of these parts, "we always try to be very careful because it could be a very dangerous situation."

The defect which caused the malfunction of the bridge in the present case could have only been found by dissassembling the chain mechanism. This was not

done as a part of any periodic inspection. If this pin broke as a result of a beveling condition from truck traffic, there was no system to prevent the gate from falling onto or in front of bridge traffic.

The gate in question fell directly in front of the Illinois Valley Asphalt truck, making it impossible for Claimant's employee to avoid the accident. We accept Claimant's argument that if the gate had not fallen there would have been no accident in this case.

Before any Claimant may recover, they must prove by a preponderance of evidence that (1) Claimant was free from contributory negligence; (2) that Respondent was negligent; (3) that Respondent's negligence was the proximate cause of Claimant's injuries, and (4) damages, *Illinois Ruan Transport Corp. v. State of Illinois, 28 Ill.Ct.Cl. 323, 327 (1973)*.

First, as set forth above, there is no evidence to show any independent intervening cause of the accident, or that the driver for the Claimant, Beardstown Transfer, acted unreasonably under the circumstances. The driver testified that when the gate fell, he immediately applied his brakes. He did not put on his brakes to their full extent because he was afraid of losing control of the truck and colliding with the oncoming truck. Claimant has proven that it was free from contributory negligence by a preponderance of the evidence.

Second, it was acknowledged that the State tries to be careful because a gate falling in front of traffic "could be very dangerous." Further, the State admits that it would be possible to install a safety mechanism to prevent the gate from falling in the event that the beveled condition of the pin in question caused the pin to break.

Therefore, the above testimony taken with the remainder of the record establishes that the Claimant has proven that the Respondent was negligent by an overwhelming preponderance of the evidence.

Third, as related above, it does not appear that this accident would have occurred but for the direct causal relationship between the falling of the gate in front of Claimant's vehicle and the ensuing accident. Respondent does not argue that the collapse of the gate was not the proximate cause of this accident. The record substantiates that the breaking of the pin and the falling of the gate was in fact the proximate cause of the accident and the resulting damages.

Fourth, and last, the damages of Claimants have been stipulated in the following amounts: Pekin Insurance Company, $3,621.29; Beardstown Transfer Inc., $200.00.

Subsequent to the hearing in the above case, a motion was made to join the claims of Aetna Life and Casualty Insurance, and Illinois Valley Asphalt Company in the combined sum of $352.00, arising from the same accident. The Commissioner permitted an amended complaint to be filed, but it was later pointed out by the Attorney General through a motion to strike the amended complaint that the statute of limitations with respect to the tort claims of Aetna Life and Casualty Insurance Company and the Illinois Valley Asphalt Company had been barred by the applicable two-year statute of limitations. Therefore, the claims of Aetna Life and Casualty Insurance Company and Illinois Valley Asphalt Company are denied.

An award is hereby made to Pekin Life Insurance Company in the sum of $3,621.29, and to Beardstown Transfer, Inc. in the sum of $200.00.